FILED
2008 Jul-07 PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | **2:02-CR-0204-JHH-RRA** |
| **IAN A. WILLIAMS** ) | |

## MEMORANDUM OF OPINION REGARDING ORDER
## GRANTING MOTION TO REDUCE TERM OF IMPRISONMENT

The movant, acting pro se, filed the above-styled motion (Doc #49), commonly referred to as an 18 U.S.C. § 3582 motion, on Feb. 21, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, # 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the

applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #49) of Ian A. Williams to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 108 months sentence imposed upon movant under Count One (possession with intent to distribute approximately 3 ounces of cocaine base) after the court granted the government's motion under

---

[1] At this point, the crack amendment had no retroactive application.

U.S.S.G. § 5K1.1 and under 18 U.S.C. § 3553(e). This movant pled guilty to this charge which was the only charge against him in the indictment. The charge carried a statutory minimum sentence of 120 months, and the granting of the § 3553 motion was the only basis upon which the court could have imposed the 108 months sentence.

The following chart sets forth relevant information for the instant case:

|  | Date of Original Sentencing | Applying Retroactive Sentence Adjustments to Original Sentencing Calculations |
|---|---|---|
| Criminal History Category | IV | IV |
| Base Offense Level Without § 3553 Adjustment | 32 | 30 |
| Total Offense Level without § 3553 Adjustment | 29 | 27 |
| Guideline Range Without § 3553 Adjustment | 121-151 months | 100-125 months |
| Custodial Sentence Imposed with § 3553 Adjustment | 108 months | |
| Approximate % below bottom of section 3553 adjusted range | 10% | |
| Apply same 10% redemption to bottom of Retroactive Sentencing Adjustment Range for sentence with relative § 3553 adjustment | | 90 months |
| Projected Release Date | 8/22/2010 | |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

3

1.   After the granting of a motion under 18 U.S.C. § 3553(e), the movant was originally sentenced to 108 months, which was about 10% below the low end of the correctly-computed guidelines range, 121-151 months.

2.   As computed in accordance with the amended guideline, the bottom of the range is 100 months.

3.   10% below that low end would result in a 90 month sentence which gives movant essentially the same benefit of the § 3553(e) motion.

4.   This court is advised that movant's projected release date under his current 108 months sentence is August 22, 2010.

5.   This court believes that by granting the movant's motion and reducing his original custodial sentence to a 90 month custodial sentence, the movant's projected release date could be as early as late January, 2009, or the first part of February, 2009, thereby creating urgency in this court's action as well as those of the BOP; and

6. Movant's Sentry report, together with the movant's criminal history as reflected in the presentence report, do not indicate that there are public safety issues raised by his release at an earlier date.

Pursuant to U.S.S.G § 1B1.10(b), this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2)

and concludes that the crack amendment applies to the circumstances of the movant.  Furthermore, this court concludes that, with the 18 U.S.C. § 3553(e) motion, the movant would have been sentenced about 10% above the low end of the offense level had the crack amendment been in effect at that time.

Therefore, in light of these considerations and after considering the factors set forth in 18 U.S.C. §  3553(a), this court hereby finds that the sentence in Count One should be reduced to a term of **90 months**.  In so doing, the court finds that the movant has not over served the original sentence, and, thereby, specifically retains all options for re-sentencing the movant in the future event that he appears before this court pursuant to a petition for revocation of supervised release.  The 60 month supervised release term imposed at sentencing begins immediately upon movant's release from custody.

A separate order will be entered.  Movant's attention is directed to the "Notice Concerning Appeals" set out below.

### NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States  v. Starks,* 2008 WL 351386 (11th Cir. 2008);

*Fed. R.App. P.* 4(b)(1)(A)(i). If defendant was represented by appointed counsel at trial or on appeal, defendant is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If defendant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, defendant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the denial of the § 3582(c)(2) motion. The Clerk is DIRECTED to provide defendant with an application to proceed *in forma pauperis* form.

   **DONE** this the ___7th___ day of July, 2008.

                                       _James H. Hancock_____
                                       SENIOR UNITED STATES DISTRICT JUDGE